

# NUMBER 13-15-00092-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ARMANDO GUERRA LOYA,                                      **Appellant,**

**v.**

THE STATE OF TEXAS,                                           **Appellee.**

### On appeal from the 206th District Court
### of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes**
**Memorandum Opinion by Justice Rodriguez**

In 2014, pursuant to a plea agreement, appellant Armando Guerra Loya pled guilty to deadly conduct, a third-degree felony offense. *See* TEX. PENAL CODE ANN. § 22.05 (West, Westlaw through 2015 R.S.). The trial court sentenced Loya to five years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

# I.   *ANDERS* **BRIEF**

Loya's appellate counsel has filed a motion to withdraw and a brief in support thereof in which he states that he has diligently reviewed the entire record and has found no non-frivolous issues.   *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).   Counsel's brief meets the requirements of *Anders* as it presents a thorough, professional evaluation showing why there are no arguable grounds for advancing an appeal.   *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014), counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment.   Counsel has informed this Court that he has (1) notified Loya that he has filed an *Anders* brief and a motion to withdraw; (2) provided Loya with copies of both pleadings; (3) informed Loya of his rights to file a pro se response,[1] to review the record preparatory to filing that response, and to seek review if we conclude that the appeal is frivolous; and (4) supplied Loya with a form motion for pro se access to

---

[1]   The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.   Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."   *In re Schulman,* 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) *(*quoting *Wilson v. State,* 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

the appellate record. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20. Loya filed a pro se brief that we construe to purport to raise an ineffective assistance of counsel claim.

## II.  INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record, counsel's brief, and Loya's pro se response, and we have found no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

## III.  MOTION TO WITHDRAW

In accordance with *Anders*, Loya's appellate counsel has filed a motion to withdraw*. See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant the motion to withdraw.

We order counsel to send, within five days of this opinion, a copy of the opinion

and judgment to Loya and to advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of November, 2015.

---

[2] No substitute counsel will be appointed. Should Loya wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3(a), and must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.